UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN MALONE,<br><br>        Plaintiff,<br><br>    v.<br><br>J. ABOYTES,<br><br>        Defendant. | Case No. 1:19-cv-01594-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISS ACTION WITHOUT PREJUDICE<br><br>(Doc. 2)<br><br>14-DAY DEADLINE<br><br>Clerk of Court to Assign a District Judge |

Plaintiff Deshawn Malone seeks to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. section 1915. (Doc. 2.) Because Plaintiff has three "strikes" under section 1915(g) and fails to show that he is in imminent danger of serious physical injury, the Court recommends that Plaintiff's motion be **DENIED**.

**I.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. section 1915 governs proceedings *in forma pauperis*. The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II. PLAINTIFF'S STRIKES

The Court takes judicial notice of four of Plaintiff's prior lawsuits that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim:[1] (1) *Malone v. Rangel, et al.*, Case No. 1:09-cv-00505-SKO (E.D. Cal.) (dismissed on July 29, 2010 for failure to state a claim); (2) *Malone v. Jones*, Case No. 1:09-cv-01397-JLT (E.D. Cal) (dismissed on October 29, 2010, for failure to state a claim); (3) *Malone v. Gonzalez, et al.*, Case No. 1:11-cv-00697-DLB (E.D. Cal.) (dismissed on May 1, 2012 for failure to state a claim); (4) *Malone v. Gonzalez, et al.*, Case No. 1:12-cv-01758-MJS (E.D. Cal.) (dismissed on March 29, 2013, for failure to state a claim). Each of these cases was dismissed prior to Plaintiff initiating the current action on November 7, 2019. Plaintiff is therefore precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

Plaintiff's allegations do not meet the imminent danger exception. In his complaint, Plaintiff states that he was involved in a physical altercation with another inmate, which resulted in their being pepper sprayed. (Doc. 1 at 9-10.) Plaintiff alleges that the defendant violated his Eighth Amendment rights because he "denied [Plaintiff] decontamination" after he was pepper sprayed. (*Id.* at 4.) Such allegation of a past event does not show that Plaintiff is in imminent, future danger of serious physical injury.

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court **RECOMMENDS** that:

1. Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), be **DENIED**; and,
2. This action be **DISMISSED** without prejudice to refiling upon prepayment of the filing fee.

The Clerk of the Court is **DIRECTED** to randomly assign a United States District Judge.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 18, 2019**           /s/ *Sheila K. Oberto*
                                                                     UNITED STATES MAGISTRATE JUDGE